70 F.3d 111
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bradson Mercantile, Incorporated, Plaintiff-Appellee,
v.
Leila M. MEYERSON, Defendant-Appellant,
and
TOTAL PLANT MAINTENANCE, INCORPORATED; Centrig Industries,
Incorporated; Monroe R. Meyerson; David Meyerson; Stuart
Meyerson; Kenneth Lindlau; Carolina Food Processors,
Incorporated; Riggers Equipment Rental, Incorporated;
Sweet Lady, Incorporated; Vanderbilt Industrial Contracting
Corporation, Defendants.
 No. 95-1903.
 United States Court of Appeals, Fourth Circuit.
 Nov. 15, 1995.
Decided Nov. 15, 1995.
Argued Oct. 31, 1995
 
 ARGUED: Roy A. Powell, JONES, DAY, REAVIS & POGUE, Pittsburgh, Pennsylvania, for Appellant. James Livingston Bruner, BRUNER & POWELL, Columbia, South Carolina, for Appellee. ON BRIEF: Richard A. Clark, JONES, DAY, REAVIS & POGUE, Pittsburgh, Pennsylvania, for Appellant. Alice Carmichael Richey, Ashley Lee Hogewood, III, KENNEDY, COVINGTON, LOBDELL & HICKMAN, L.L.P., Charlotte, North Carolina, for Appellee.
 Before RUSSELL, WILKINS, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Leila Meyerson appeals from the district court's order denying her motion to rescind a consent injunction that prevents her from selling her New York apartment unless she pays the proceeds of the sale into district court for disposition as the court may order at the conclusion of this proceeding. Among other rights, Bradson Mercantile, Inc. ("Bradson") contends that it is a creditor of Leila Meyerson and members of her family, and is entitled to a constructive trust in the apartment. Bradson's contract dispute is with the now-insolvent Vanderbilt Industrial Contracting Corporation ("Vanderbilt"), which Bradson contends is the alter-ego of the Meyersons, including Leila Meyerson, her husband and her two children. Bradson alleges that the injunction is necessary to prevent Leila Meyerson from preferring other creditors, including the mortgagee of the apartment, and to prevent her from transferring proceeds to other family members.
 
 
 2
 Leila Meyerson argues, inter alia, that the district court misapplied the law and abused its discretion in failing to rescind the consent injunction. We disagree. In considering the motion to rescind the injunction, the district court fully considered the evidence, including affidavits from former Centrig and Vanderbilt employees, which allegedly demonstrated a history of payments to Leila Meyerson directly and on her behalf to pay personal expenses including the mortgage on the New York apartment. Although Leila Meyerson claims this money represented repayment of debt, there is a dispute whether the record substantiates this contention. Based on this evidence, the district court concluded that Leila Meyerson and her husband used the corporate accounts as their personal checkbook, and that Bradson sufficiently demonstrated a substantial likelihood of success on its claim of entitlement to a constructive trust on the New York apartment on its behalf and other creditors similarly situated. The district court further concluded that the balance of harms tipped decidedly in favor of maintaining the injunction, and indicated no harm would result to Leila Meyerson as a consequence of the consent injunction.
 
 
 3
 We accordingly find no error in the district court's application of the law under our precedent. See Hughes Network Systems, Inc. v. Interdigital Communications Corp., 17 F.3d 691, 693 (4th Cir.1994) (citing Blackwelder Furniture Co. v. Seileg Mfg. Co., 550 F.2d 189, 195-96 (4th Cir.1977)). Under such circumstances, the district court acted well within its discretion in denying Leila Meyerson's motion to rescind the injunction. See Faulkner v. Jones, 10 F.3d 226, 233 (4th Cir.1993). Incidentally, we note that the trial on the merits of Bradson's lawsuit is scheduled to begin in November 1995, the conclusion of which will likely moot the consent injunction. We find meritless Leila Meyerson's remaining claims that the consent injunction is an illegal pretrial attachment or that she was subjected to judicial bias in the district court.
 
 
 4
 Accordingly, the judgment of the district court denying Leila Meyerson's motion to rescind the consent injunction is
 
 
 5
 AFFIRMED.